UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PIERRE COSBY,

        Petitioner,

        -against-                                9:12-CV-0704 (LEK/ATB)

THOMAS LAVALLEY, Superintendent
of Clinton Correctional Facility,

        Respondent

_____

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

*Pro se* Petitioner Pierre Cosby ("Petitioner") has filed a Petition for a writ of habeas corpus. Dkt. No. 1 ("Petition"). The Honorable Andrew T. Baxter, United States Magistrate Judge, issued a Report-Recommendation recommending that the Petition be denied. Dkt. No. 19 ("Report-Recommendation"). Petitioner has filed Objections. Dkt. No. 25 ("Objections"). For the following reasons, the Court approves and adopts the Report-Recommendation.

**II.    BACKGROUND**

On May 26, 2006, after a jury trial in New York State Supreme Court, Onondaga County, Petitioner was convicted of rape in the first degree and two counts of menacing in the second degree. Pet. at 1-2. Petitioner did not testify. Id. Petitioner appealed the judgment of conviction to the Appellate Division, Fourth Department, arguing that he was denied a fair trial on the following grounds: (1) the government's expert witness was permitted to speculate as to the lack of injuries; (2) the trial court refused to supplement its response to a jury question of how to weigh the evidence during deliberations; (3) identification testimony was improperly bolstered; and (4) the trial court

improperly prevented Petitioner from testifying in its decision at a Sandoval hearing. Pet. ¶¶ 9-12. That action was consolidated with a post-conviction Criminal Procedure Law § 440.10 action, which alleged that Petitioner was denied the effective assistance of trial counsel, as she prevented Petitioner from testifying and did not inform Petitioner that it was Petitioner's choice. Counsel was also ineffective for not calling witnesses who could have provided exculpatory information. Pet. ¶ 16; see People v. Cosby, 916 N.Y.S.2d 689 (App. Div.), appeal denied, 947 N.E.2d 1198 (N.Y. 2011). The Appellate Division affirmed Petitioner's convictions and the New York Court of Appeals denied leave to appeal. Id.

On April 26, 2011, Petitioner filed a 28 U.S.C. § 2254 Petition for a writ of habeas corpus. See Pet. The Petition alleges that: (1) Petitioner was denied his constitutional right to effective assistance of counsel because his trial attorney prevented Petitioner from testifying and failed to call witnesses; (2) Petitioner was denied a fair trial when the trial court refused to supplement its response to a jury question as to how to weigh the evidence during deliberations; (3) Petitioner was denied a fair trial by improper bolstering of the identification testimony; and (4) Petitioner was denied a fair trial when the prosecution's expert witness was permitted to speculate as to the victim's lack of injuries. Pet. ¶¶ 19, 21, 23, 25. Magistrate Judge Baxter issued a Report-Recommendation denying the Petition. Report-Rec.

### III. LEGAL STANDARD

#### A. Review of Report-Recommendation

"28 U.S.C. § 636(b)(1) provides for 'a *de novo* determination of the portions of the report or specified proposed findings or recommendations [of a Magistrate Judge] to which objection is made' and a review for clear error of those portions to which no objection has been raised. In so

2

doing, the district judge 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" Velazquez v. Poole, 614 F. Supp. 2d 284, 289 (E.D.N.Y. 2007) (quoting 28 U.S.C. § 636(b)(1) and citing FED. R. CIV. P. 72(b)).

**B. Habeas Corpus**

Habeas corpus is a "writ employed to bring a person before a court, most frequently to ensure that the party's imprisonment or detention is not illegal." BLACK'S LAW DICTIONARY 728 (8th ed. 2004). Congress authorized federal courts to review cases "where any person may be restrained of his or her liberty in violation of the constitution [sic], or of any treaty or law of the United States." 28 U.S.C. § 2241. When a state court has adjudicated the merits of a petitioner's claim, a federal court may grant an application for a writ of habeas corpus only if "the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on the unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The framework for a valid habeas claim is as follows:

*1. Procedural Requirements*

Habeas petitioners must "seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." Rose v. Lundy, 455 U.S. 509, 518-19 (1982). "Because of comity and federalism concerns and the requirement that States have the first opportunity to correct their own mistakes, federal habeas courts generally may not review a state court's denial of a state prisoner's federal constitutional claim[s] if the state court's decision rests on a state procedural default that is independent of the federal question and adequate to support

3

the prisoner's continued custody." Epps v. Chamber of Corr. Servs., 13 F.3d 615, 617 (2d Cir. 1994). "A procedurally defaulted claim may still be reviewed by a federal court, however, if the petitioner can demonstrate 'cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" Beverly v. Walker, 899 F. Supp. 900, 907 (N.D.N.Y. 1995) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") further restricts a prisoner's ability to bring claims in habeas actions. 28 U.S.C. § 2254. Under AEDPA, the state court's factual findings are presumed correct, unless that presumption is rebutted by clear and convincing evidence. Id. § 2254(e)(1). In the event that a petitioner does not meet the procedural requirements, he or she needs to establish both cause for the default and prejudice from the alleged federal law violation, or a fundamental miscarriage of justice. Beverly, 899 F. Supp. at 907 (quoting Coleman, 501 U.S. at 750).

### 2. *Substantive Requirements*

"When a federal district court reviews a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" Coleman, 501 U.S. at 730 (citing 28 U.S.C. § 2254). The constitutional violation must have "had a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). Where a state court has rendered its interpretation or application of federal law, deference should be given in subsequent federal habeas proceedings. See 28 U.S.C. 2254(d). A federal habeas court may not issue a writ simply because it

4

concludes upon independent review that the state court's ruling is erroneous or incorrect. Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 411 (2000) (internal quotations omitted)). Rather, the state court's determination must be "objectively unreasonable." Lockyer, 538 U.S. at 76 (citing Williams, 529 U.S. at 409; Bell v. Cone, 535 U.S. 685, 699 (2002); Woodford v. Visciotti, 537 U.S. 19, 27 (2002)).

## IV. DISCUSSION

Petitioner objects to the Report-Recommendation on the following grounds: (1) appellate counsel's failure to reassert a portion of the ineffectiveness claim on appeal was "inexcusable"; (2) the failure to give the specific requested *falsus in uno* charge denied Petitioner his constitutional due process right to a fair trial under the Fourteenth Amendment; (3) allowing a nurse to testify that a lack of injuries can be attributed to the Petitioner holding his victim at gunpoint was inadmissible under New York law and "[t]his error rose to the level of a constitutional violation"; and (4) the admission of the victim's out-of-court identification statement denied Petitioner a fair trial. See Objs.

### A. Ineffective Assistance of Counsel

The ineffective assistance of counsel claim is deemed exhausted and procedurally defaulted because, although Petitioner raised the issue at some levels of his appeal, he did not raise the issue at *every* level. See People v. Cosby, 947 N.E.2d 1198 (N.Y. 2011). In order to overcome the procedural default, Petitioner must show cause for failing to raise the remaining portions of the claim and prejudice resulting from the federal law violation or a fundamental miscarriage of justice. Beverly, 899 F. Supp. at 907 (quoting Coleman, 501 U.S. at 750). Petitioner asserts that both cause and prejudice exist here. Objs. at 7-8.

5

Cause exists if "the prisoner can show that some objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Prejudice exists if there is a "reasonable probability" that the result of the proceeding would have been different absent the alleged constitutional violation. Stickler v. Greene, 527 U.S. 263, 289 (1999). Fundamental miscarriage of justice requires a petitioner to establish by probative evidence that "he has a colorable claim of factual innocence." Sawyer v. Whitley, 505 U.S. 333, 339 (1992) (quoting Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)). This exception also applies to procedurally defaulted claims. Sawyer, 505 U.S. at 339 (citing Murray, 477 U.S. at 496).

Petitioner incorrectly states that appellate counsel's failure to raise one portion of the ineffective assistance of counsel claim is proper cause. Id. at 3. Cause "must be something *external* to the petitioner"; attorney omission "is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation." Coleman, 501 U.S. at 753 (citing Murray, 477 U.S. at 488) (emphasis in the original). "In the absence of a constitutional violation," *i.e.*, ineffective assistance of counsel, "the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation." Coleman, 501 U.S. at 754. Here, the omission by the appellate counsel did not constitute a constitutional violation because it did not rise to the level of a constitutional right-to-counsel violation. An appellate counsel does not have to argue every point requested by the client "if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 752 (1983). Petitioner fails to show cause to overcome the procedural default.

Petitioner additionally alleges that he is actually innocent and was precluded from

6

establishing innocence because the trial counsel called certain witnesses. Objs. at 7-8. Actual innocence "means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998) (citing Sawyer, 505 U.S. at 339). "The gateway should open only when a petitioner presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin v. Perkins, 133 S. Ct. 1924, 1936 (2013) (citing Schlup v. Delo, 513 U.S. 298, 316 (1995)). Here, Petitioner merely proposes that testimony from Larry Cosby, Lorisha Boyd, Stephnie Platts, and Annette Thomas would have exculpated Petitioner; he presents no other extrinsic evidence to corroborate his innocence. Objs. at 7. This claim is better interpreted as an argument on the merits of his claim, rather than a cause-and-prejudice argument to overcome procedural default. However, interpreted liberally as a cause-and-prejudice argument, witness testimony is not evidence "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." McQuiggin, 133 S. Ct. at 1926, 1936.

### B. *Falsus in uno* Jury Charge/Nurse's Testimony/Identification/Bolstering Claims

A federal court judge may not issue a writ of habeas corpus if an adequate and independent state law ground justifies the prisoner's detention, regardless of the federal claim. See Wainwright v. Sykes, 433 U.S. 72, 81-85 (1977). A federal court generally will not consider a federal issue if the last state court decision to address the issue "rests on a state law ground that is independent of the federal question and adequate to support the judgment." Lee v. Kemna, 534 U.S. 362, 375 (2002). This rule applies whether the independent state law ground is substantive or procedural. Id.

Here, Judge Baxter correctly concluded that the provided jury instructions, bolstering of

7

identification testimony, and admission of putatively speculative testimony are issues are matters of state law. Report-Rec. at 25-27. Even if the Court were to construe the above claims as matters of federal law, they are procedurally defaulted. A mere citation to the Fourteenth Amendment or a resemblance to a federal claim is not sufficient to alert the state court that a federal due process claim is being asserted. See Kirksey v. Jones, 673 F.2d 58, 60 (2d Cir. 1982). "Alleging a lack of a fair trial does not convert every complaint about evidence or a prosecutor's summation into a federal due process claim." Id. Petitioner did no more in state court than cite the Fourteenth Amendment, and therefore these claims are also procedurally defaulted. Oquendo v. Senkowski, 452 F. Supp. 2d 359, 368 (S.D.N.Y. 2006) (citing Spence v. Superintendent, 219 F.3d 162, 169-70 (2d Cir. 2000); Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991)). Because the Petition and the Objections raise no arguments that could be construed as cause and prejudice for failure to assert a federal claim in state court, see generally Pet.; Objs., the Court could not reach the merits of Petitioner's remaining claims even if they presented a federal issue.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 19) is **APPROVED** and **ADOPTED** in its entirety. Pierre Cosby's Petition (Dkt. No. 1) is **DENIED**. No certificate of appealability shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2);[1] and it is further

---

[1] See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (holding that "§ 2253 permits the issuance of a [certificate of appealability] only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"); Richardson v. Greene, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district

8

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED: July 28, 2014
              Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge

---

court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation") (emphasis in original).